IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUSTIN T. ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 22-cv-00273-LKG |
| D. HENDERSON, | ) Dated: July 5, 2023 |
| Defendant. | ) |

### MEMORANDUM OPINION

Self-represented plaintiff Justin T. Anderson, a state inmate currently confined at North Branch Correctional Institution, filed the instant amended complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer D. Henderson. *See* ECF No. 4.[1] Anderson seeks monetary damages for Defendant's alleged deprivation of his rights. *Id.*

Defendant has moved to dismiss the Complaint, or in the alternative for summary judgment. ECF No. 10. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Anderson that the failure to file a response in opposition to the Defendant's motion may result in dismissal of the Complaint. ECF No. 12. Anderson has filed nothing further with the Court. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). Defendant's Motion to Dismiss shall be **GRANTED**.

### I.    BACKGROUND

On February 1, 2022, Anderson filed suit in this Court alleging a laundry list of complaints concerning his incarceration at various institutions within the Maryland Division of Correction. ECF No. 1. He was provided an opportunity to file an amended complaint solely regarding the claims arising from the alleged failure to protect/excessive use of force incident involving Defendant Henderson. ECF No. 3. Anderson filed the Amended Complaint as directed, (ECF No. 4) alleging that on February 20, 2017, he was escorted to the shower by Defendant Henderson. ECF No. 4-1 at 1. Anderson advised Henderson that he was not going to

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files (CM-ECF) system.

get in the shower with his cellmate because he had a broken hand, and his cellmate had a knife and had threatened to harm Anderson. *Id.* Henderson took Anderson back to his cell and Anderson again advised Henderson that he had problems with his cellmate, and he was supposed to be housed on medical because of his hand. *Id.* Henderson had the sergeant come but the sergeant refused to do anything. When Anderson's cellmate was returned to the cell, Anderson again reported that he was having problems with the cellmate and that the cellmate could not come into the cell. Henderson refused to help and went to get other officers who took the cellmate's handcuffs off in the hallway, called to have the cell door opened, and forced the cellmate into Anderson's cell. *Id.* at 2. One of the officers then "unleashed a big burst of pepper spray." *Id.* at 2.[2]

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all facts pleaded in the Complaint and construes them in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions, *Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusory factual allegations devoid of any reference to actual events, do not suffice. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.   ANALYSIS

Defendant raises several independent grounds for dismissal, maintaining that the claim is

---

[2] Anderson's Amended Complaint contains other allegations regarding denial of medical care, retaliation, and assignment to special housing, which are beyond the scope of the claims he was permitted to amend, are not properly before the court, and will not be considered. If Anderson believes his civil rights were violated regarding these instances, he may file a separate civil rights complaint naming the appropriate Defendants and explaining how each individually named Defendant violated his rights.

time-barred, Anderson failed to exhaust his administrative remedies, Anderson has failed to state a claim of excessive force, and Defendant is entitled to qualified immunity. ECF No. 10-1. The Court need not address each independent ground for dismissal, because Anderson's claim has been filed beyond the applicable statute of limitations.

Anderson's claims, fairly read, raise civil rights violations brought pursuant to 42 U.S.C. § 1983. As 42 U.S.C. § 1983 does not set out a limitations period, the Court applies the period applicable to the most analogous state-law cause of action. *Owens v. Balt. City State's Attorney's Office* 767 F.3d 379, 388 (4th Cir. 2014); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period, which in Maryland is three years."); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies . . . the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]"). Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code Ann., Cts. & Jud. Proc. ("C.J.") § 5-101 (2020 Repl. Vol.).

"Limitations statutes . . . are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable period of time, and (3) serve society by promoting judicial economy." *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006); *see Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665, 464 A.2d 1020, 1026 (1983). In Maryland, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing the suit." *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Although the Maryland statute of limitations applies, when a cause of action has accrued is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough v. Smith*, —— U.S. ——, 139 S. Ct. 2149, 2155 (2019). "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed." *McDonough*, 139 S. Ct. at 2155 (quoting

*Manuel v. Joliet*, —— U.S. ——, 137 S. Ct. 911, 920 (2017)). A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim). But accrual does not begin until the plaintiff has or should have ascertained "the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122 (discussing discovery rule in the context of the Federal Tort Claims Act, which requires notice to the government "within two years after such claim accrues"); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues . . . when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."); *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir. 1983).

The Complaint, viewed most favorably to Anderson, claims that on February 20, 2017, Defendant Henderson failed to protect Anderson from harm and used excessive force against him. Anderson has not responded to Henderson's argument that the claim is time barred. Giving Anderson the most generous reading, his claim accrued at the latest on February 20, 2017, the date of the incident. Anderson did not file this Complaint until February 1, 2022, approximately five years later. Accordingly, Anderson's Complaint must be dismissed as time barred.

A separate Order follows.

July 5, 2023
Date

LYDIA KAY GRIGGSBY
United States District Judge

4